UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

JORDY HERBERT MEIJA NUNEZ,
                              Petitioner

                                                                                   Case # 23-CV-6300-FPG

v.

                                                                                      DECISION AND ORDER

JEFFREY SEARLS, in his official capacity as
Officer-in-Charge, Buffalo Federal Detention Facility

                              Respondent.
───────────────────────────────────────

## INTRODUCTION

On June 1, 2023, Jordy Herbert Meija Nunez ("Petitioner") brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention at the Buffalo Federal Detention Facility. ECF No. 1. On July 21, 2023, the Government responded to the petition. ECF No. 4. On August 15, 2023, Petitioner replied. ECF No. 6. Having reviewed the record and the briefing, the Court finds that a hearing is unnecessary to resolve the petition. For the reasons below, the petition is GRANTED.

## BACKGROUND

The following facts are taken from the record. Petitioner is a native and citizen of Honduras who entered the United States prior to October 19, 2016, without being admitted, inspected or paroled. ECF No. 4 ¶ 3. On September 18, 2018, Petitioner pled guilty to robbery in the first degree and on November 19, 2018 was sentenced to five years imprisonment followed by two and a half years of post-release supervision. *Id*. ¶ 6. On Aril 12, 2022, Petitioner was issued a Notice to Appear ("NTA") charging him with removability from the United States under section 212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended ("INA") as a noncitizen present in the United States without being admitted or paroled, who arrived in the United States at

any time or place other than as designated by the Attorney General and who, after entry, has been convicted of a crime involving moral turpitude. *Id*. ¶ 9-11.

On June 27, 2022, Petitioner was released from Woodbourne Correctional Facility into the custody of Immigration and Customs Enforcement ("ICE"). *Id.* ¶ 12. Petitioner was subsequently notified that he would be detained pending adjudication of his removal proceedings. *Id.* ¶ 14. Although Petitioner requested a bond hearing at the time, he did not receive one because his detention was mandatory. ECF No. 1 ¶¶ 3,21-23.

On August 9, 2022, Petitioner appeared before an immigration judge and indicated his intention to seek asylum and withholding of removal, and was given a deadline to file his application therefor prior to August 23, 2022. ECF No. 4 ¶ 15. After four separate days of testimony extending over four months, Petitioner's asylum application was denied on February 1, 2023. *Id.* ¶ 16-20. Petitioner appealed this decision on March 24, 2023, *Id.* ¶ 22, and on July 25, 2023, the Board of Immigration Appeals granted Petitioner's appeal finding errors in the immigration judge's ruling. ECF No. 6-1 at 1-4.

On June 1, 2023, Petitioner filed the present action. ECF No. 1. Petitioner has now been detained by immigration authorities for approximately 15 months.

## DISCUSSION

Petitioner argues that his prolonged detention violates his procedural due process rights under the Fifth Amendment of the United States Constitution. ECF No. 1 ¶ 26. Petitioner concedes that his detention is mandatory pursuant to 8 U.S.C. § 1226(c) but maintains that, even under such circumstances, the government is not constitutionally permitted to detain him indefinitely without a hearing. ECF No. 1 at 21-23, ¶ 26. He asks the Court to order a bond hearing or, in the absence thereof, order his release. ECF No. 1 ¶ 53.

Section 1226(c) of Title 8 of the United States Code requires immigration officials to detain noncitizens[1] who have been convicted of certain crimes "pending a decision on whether the [noncitizen] is to be removed from the United States." *Jennings v. Rodriguez*, 138 S. Ct. 830, 846 (2018). The Due Process Clause is not offended by the mandatory detention of noncitizens for the "*brief* period necessary for their removal proceedings," *Demore v. Kim*, 538 U.S. 510, 513 (2003) (emphasis added), but may be violated by detention beyond that "brief" period, depending on the balance of the individual's and the government's interests, *see, e.g., id.* at 532 (Kennedy, J., concurring) ("[A] lawful permanent resident ... could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention bec[omes] unreasonable or unjustified.").

To determine whether a noncitizen's due process rights have been violated as a result of his continued detention under Section 1226, the Court first evaluates whether the "[noncitizen] [has been] held for an unreasonably long period." *Frederick v. Feeley*, No. 19-CV-6090, 2019 WL 1959485, at *2 (W.D.N.Y. May 2, 2019) (discussing in context of detention under 8 U.S.C. § 1226(c)); *see also Hemans*, 2019 WL 955353, at *5. If the noncitizen has been detained for an unreasonably long period, the Court proceeds to analyze whether the noncitizen has received sufficient process to justify his continued detention. *Hemans*, 2019 WL 955353, at *5.

Applying this framework, the Court concludes that Petitioner is entitled to relief.

## I. Length of Detention

"As detention continues past a year, courts become extremely wary of permitting continued custody absent a bond hearing." *Fremont v. Barr*, NO. 18-CV-1128, 2019 WL 1471006, at *4 (W.D.N.Y. Apr. 3, 2019). In fact, courts have found detention even shorter than a year to be

---

[1] The Court uses the term "noncitizen" as equivalent to the statutory term "alien." *Barton v. Barr*, 140 S. Ct. 1442, 1446 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

unreasonably prolonged as part of a procedural due process analysis. *See, e.g., Vargas v. Beth*, 2019 WL 1320330, at *8 (E.D. Wis. Mar. 22, 2019) ("approximately nine and a half months"); *Cabral v. Decker*, 331 F. Supp. 3d 255, 261 (S.D.N.Y. 2018) ("over seven months" and "over nine months" by the next removal-related hearing); *Hernandez v. Decker*, 2018 WL 3579108, at *1, *12 (S.D.N.Y. July 25, 2018) (nine months); *Sajous v. Decker*, 2018 WL 2357266, at *1, *12 (S.D.N.Y. May 23, 2018) (over eight months); *Jarpa v. Mumford*, 211 F. Supp. 3d 706, 720 (D. Md. 2016) (exceeding ten months); *see also Sopo v. U.S. Attorney General*, 825 F.3d 1199, 1218 (11th Cir. 2016) ("[A] criminal [noncitizen's] detention without a bond hearing may often become unreasonable by the one-year mark, depending on the facts of the case."). Petitioner has been detained for fifteen months. Against this backdrop, the Court finds that Petitioner's detention has been unreasonably prolonged.

Nevertheless, Courts also consider whether the petitioner has contributed to the unreasonable delay of his own detention. Respondent suggests that Petitioner has contributed to his prolonged detention by abusing the administrative process, citing to the fact that Petitioner took four separate days over a four-month period to give testimony and elicit testimony from witnesses. ECF No. 4 ¶ 16-19. Respondent also notes that after his asylum application was denied by the immigration judge, Petitioner requested an extension to file his brief on appeal, which extended the time of his appeal by two additional months. *Id.* ¶ 22-23. While Plaintiff's conduct may have prolonged his stay, this Court is reticent to attribute blame to Petitioner for taking the necessary time to bring his case in the first instance, even if it included prolonged testimony over four months. As it relates to the briefing delay on appeal, the fact that his appeal was upheld on July 25, 2023, demonstrates that the delay was not abusive, but instead productive, in that he was able to successfully marshal meritorious arguments highlighting the errors made by the immigration judge.

4

This is significant, as the Second Circuit has made a distinction between noncitizens who have "substantially prolonged [their] stay by abusing the processes provided to [them]" and those who have "simply made use of the statutorily permitted appeals process." *Hechavarria v. Sessions*, 891 F.3d 49, 56 n.6 (2d Cir. 2018).  In other words, pursuit of relief from removal "does not, in itself, undermine a claim that detention is unreasonably prolonged." *Brissett v. Decker*, 324 F. Supp. 3d 444, 453 (S.D.N.Y. 2018); *see also Hemans*, 2019 WL 955353, at *6.  Thus, contrary to Respondents' suggestion, the mere fact that Petitioner gave extensive testimony at the hearing level and sought appeals of adverse agency decisions does not bar him from relief.  ECF No. 4-4 at 10-11.  Accordingly, Petitioner has passed the first step.

## II.     Process

Second, the Court must evaluate whether the process that Petitioner has been afforded is constitutionally adequate.  "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). "[I]dentification of the specific dictates of due process generally requires consideration of three distinct factors," *id.* at 335, namely: "(A) the private interest affected; (B) the risk of erroneous deprivation of that interest through the procedures used; and (C) the governmental interest at stake," *Nelson v. Colorado*, 137 S. Ct. 1249, 1255 (2017). Here, that analysis leads to the conclusion that Petitioner's continued detention without an individualized hearing, at which the government must justify his continued detention by clear and convincing evidence, fails to "comport with the 'fundamental fairness' demanded by the Due Process Clause." *See Schall v. Martin*, 467 U.S. 253, 263 (1984).

Petitioner's interest in his freedom pending the conclusion of his removal proceedings deserves great "weight and gravity." *Addington v. Texas*, 441 U.S. 418, 427 (1979). He has an

5

obvious interest in his "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

This Court recognizes that the government's interest in detaining Petitioner also may be strong. Petitioner is detained under 8 U.S.C. § 1226(c), which applies to noncitizens who fall "into one of several enumerated categories involving criminal offenses and terrorist activities." *Jennings*, 138 S. Ct. at 837. "[Noncitizens] detained under [that] authority are not entitled to be released under any circumstances other than those expressly recognized by the statute." *Id.* at 846. Thus, in mandating the detention of criminal noncitizens, the statute reflects a congressional purpose of reducing the risk of flight and danger to the community. *See Demore*, 538 U.S. at 518-19 (explaining that Congress found that "deportable criminal [noncitizens] who remained in the United States often committed more crimes before being removed" and that "20% of deportable criminal [noncitizens] failed to appear for their removal hearings"). "The government's interest in preventing crime by arrestees is both legitimate and compelling." *United States v. Salerno*, 481 U.S. 739, 749 (1987). And general concerns about the risk of flight highlight the government's compelling interest in preserving its "ability to later carry out its broader responsibilities over immigration matters." *Doherty v. Thornburgh*, 943 F.2d 204, 211 (2d Cir. 1991).

This Court concludes that in light of the procedures used thus far, there is a significant risk of an erroneous deprivation to Petitioner's liberty interests. Section 1226(c) prohibits the government from offering a detainee the opportunity to challenge whether he is, in fact, a danger or a flight risk. *Jennings*, 138 S. Ct. at 846. Now that Petitioner's detention has become unreasonably prolonged, due process requires some opportunity to be heard "at a meaningful time and in a meaningful manner," *Armstrong*, 380 U.S. at 552, to challenge the statute's assumptions as applied to him.

An opportunity to be heard in a meaningful manner necessarily requires a hearing that "satisfies the constitutional minimum of fundamental fairness." *Santosky v. Kramer*, 455 U.S. 745, 756 n.8 (1982) (citation omitted). When the government seeks the civil detention of a person to effect a compelling regulatory purpose, it must show by clear and convincing evidence that such detention is necessary to serve that compelling interest. *See Foucha v. Louisiana*, 504 U.S. 71, 81-83 (1992). That standard applies equally here.

To sustain the prolonged detention of a noncitizen subject to removal proceedings based on its general interests in immigration detention, the "[g]overnment [is] required, in a 'full-blown adversary hearing,' to convince a neutral decisionmaker by clear and convincing evidence that no conditions of release can reasonably assure the safety of the community or any person,"or ensure that the noncitizen will appear for any future proceeding. *Santos Abreu v. Barr*, No. 20-CV-372, 2020 WL 4504986, at *6 (W.D.N.Y. Aug. 5, 2020). This also requires consideration of less restrictive alternatives to detention. *See id*.

Petitioner's § 1226(c) detention has been unreasonably prolonged. Because § 1226(c) does not require an individualized hearing in which the government must demonstrate by clear and convincing evidence that no conditions of release can reasonably serve the government's compelling regulatory interests in detaining him, it is unconstitutional as applied to him. As such, his continued detention violates his procedural due process rights.

## CONCLUSION

For the foregoing reasons, Petitioner is entitled to habeas relief under 28 U.S.C. § 2241 and the petition, ECF No. 1, is GRANTED.

By October 19, 2023, Respondent shall hold a bond hearing for Petitioner before an immigration judge, at which the government bears the burden of proving by clear and convincing evidence that Petitioner's continued detention is justified based on risk of flight or danger to the

community. To conclude that detention is justified, the immigration judge must also find that there exists no less restrictive alternative to detention that could reasonably assure his appearance and the safety of the community. If a bond hearing is not held by October 19, 2023, Respondent shall release Petitioner immediately with appropriate conditions of supervision. By October 23, 2023, Respondent shall file a notice with this Court certifying either (1) that a bond hearing was held by the applicable deadline, and the outcome thereof, or (2) that no bond hearing was held and that Petitioner was released with appropriate conditions of supervision. The Clerk of Court is directed to enter judgment and close this case.

    IT IS SO ORDERED.

Dated: October 5, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York